

| | | | |
|---|---|---|---|
| **NEW YORK OFFICE** | **WESTPORT OFFICE** | **SILICON VALLEY OFFICE** | **SAN DIEGO OFFICE** |
| 125 Park Ave, Ste 2508 | 129 Post Road East | 800 W. El Camino Real, Ste 180 | 2255 Aveda de la Playa, Ste 3 |
| New York, NY 10017 | Westport, CT 06880 | Mountain View, CA 94040 | La Jolla, CA 92037 |
| **P** +1(212) 220 0523 | **P** +1(203) 557 4224 | **P** +1(650) 903 2201 | **P** +1(858) 412-4515 |
| **F** +1(203) 905 6747 | **F** +1(203) 905 6747 | **F** +1(203) 905 6747 | **F** +1(203) 905 6747 |

EDMUND J. FERDINAND, III, ESQ.
JFerdinand@24iplg.com
Reply to:  New York office
Phone:    (212) 220-0523

October 3, 2016

The Honorable Vincent L. Briccetti
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

      **Re:**   *Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc., et al.*
             Index No. 7:16-cv-06109-VB

Dear Judge Briccetti:

      We represent Defendant, Archie Comic Publications, Inc. ("ACP"), in the above-referenced action. Pursuant to Fed. R. Civ. P 6(b)(1), Local Civil Rules 5.2(b) and 7.1(d) of the U.S. District Court for the Southern District of New York and Your Honor's Individual Practices, ACP hereby moves for an order granting an extension of time for ACP to respond to the Complaint of Plaintiff, Narrative Ark Entertainment LLC ("Plaintiff"), until October 13, 2016.

      ACP has not been served with the Summons and Complaint in this action, through no fault of its own.  Indeed, our firm only learned of Plaintiff's purported service on ACP after Plaintiff filed an Affidavit of Service on September 20, 2016 claiming service through the Secretary of State on August 17, 2016.  For reasons unbeknownst to ACP, the Secretary of State failed to deliver the Summons and Complaint to ACP.

      Promptly upon learning of the failed service, we contacted Plaintiff's counsel to address the matter.  While ACP would be within its right to contest service via motion practice, we informed Plaintiff's counsel that the most efficient way to deal with this issue would be for our firm to accept service and for Plaintiff to grant an extension of ACP's deadline to respond to the Complaint.  We are informed that Plaintiff has previously granted an extension of until October 13, 2016 for co-defendant, Sega of America, Inc., to respond to the Complaint.

      On behalf of ACP, we first contacted Plaintiff's counsel on September 23, 2016. During that conversation, Plaintiff's counsel informed my associate that: (1) Plaintiff is angry with ACP about the nature of pre-litigation settlement talks and is not inclined to grant an extension; and (2) ACP would be better served by settling the matter now than trying to contest service and a possible default.

      As of this date, Plaintiff's counsel has not provided a response on the requested extension.  Since time is of the essence, ACP writes seeking the Court's assistance with setting a deadline for ACP to file a responsive pleading.



Partner of

www.ferdinandip.com | www.24ip.com

The Honorable Vincent L. Briccetti
October 3, 2016
Page 2 of 4

<u>ACP Has Met the "Good Cause Standard" for the Requested Extension</u>

The Court may, for "good cause", grant extensions of time "where a party failed to act because of excusable neglect". Fed. R. Civ. P. 6(b)(1)(B).  "Good cause is usually not difficult to show, and: an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the party of the party seeking relief or prejudice to the adverse party." *Jenn-Ching Luo v. Baldwin Union Free School Dist.*, No. 12-CV-3073(JS)(AKT), 2014 WL 3943099 *4 (E.D.N.Y. Aug. 12, 2014), *quoting Rankin v. City of Niagara Falls,* 293 F.R.D. 375, 390 (W.D.N.Y. 2013), *aff'd*, 569 Fed.Appx. 25 (2d Cir. 2014). "Once good cause is established, the court looks to the factors encompassing excusable neglect, which are: '[1] [t]he danger of prejudice' to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Jenn-Ching Luo* at *4, *quoting Tancreti v. Metro. Life Ins. Co.*, 378 F.3d 220, 220 (2d Cir. 2004) (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

As set forth above, ACP has not been served with copies of the Summons and Complaint in this action through no fault of its own.  Moreover, ACP was unaware of Plaintiff's attempt to serve process upon it through the New York Secretary of State until we learned that Plaintiff filed an Affidavit of Service on September 20, 2016 — over a month after the attempted service through the Secretary of State.

Since learning of the failed service through the Secretary of State, ACP has acted diligently and in good faith to attempt to rectify the situation.

First, ACP's undersigned counsel promptly contacted the Department of State for information regarding the failed delivery. The Department of State's UCC & Summons Unit informed ACP's counsel that the USPS attempted delivery on August 24, 2016 at 629 Fifth Avenue, Pelham, New York, 10803, but that the delivery was marked "undeliverable as addressed".  The UCC & Summons Unit also provided ACP's counsel with the USPS tracking number for the attempted delivery (tracking no. 9214896900597935710004) — tracking information associated with that number on the USPS website corroborates that delivery was attempted in Pelham, NY on August 24, but designated "undeliverable as addressed".  (The UCC & Summons Unit later informed ACP's counsel that the USPS returned the delivery to it on September 29, 2016, and that it was within the UCC & Summons Unit's possession as of that date.)

Thereafter, ACP's counsel promptly contacted Plaintiff's counsel, Mr. Neil A. Burstein, Esq., to explain the situation and request Plaintiff's consent for an extension of time for ACP to respond to Plaintiff's Complaint.  On September 23, 2016, Mr. Burstein informed ACP's counsel that, while he would present the request to his client, he expected his client would not agree to ACP's request unless ACP first presented Plaintiff with a "bona fide settlement offer".  The only reason expressed by Mr. Burstein for his expectation of Plaintiff's refusal to consent to an extension is Plaintiff's ill-will towards ACP.  Mr. Burstein did not identify any prejudice to Plaintiff that would result in stipulating to an extension of time for ACP to respond to Plaintiff's complaint.

The Honorable Vincent L. Briccetti
October 3, 2016
Page 3 of 4

This Court has a strong policy in favor of resolving disputes on the merits rather than permitting entry of judgment by default other than in extreme circumstances. *See, e.g., Jenn-Ching Luo* at *4, *citing Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d Cir. 1996); *Getty Images (US) Inc v. Advernet, Inc.*, 797 F.Supp.2d 399, 411 (S.D.N.Y. 2011).  It would be contrary to this Court's policy in favor of resolving disputes on the merits for Plaintiff to be permitted to seek a default judgment against ACP on the basis of defective service of process never actually received by ACP, at no fault of ACP.  This is particularly true given that ACP has meritorious defenses to some or all of Plaintiff's alleged causes of action, many as a matter of law on a pre-answer motion to dismiss.[1]  Specifically, ACP is prepared to immediately move for dismissal of the following causes of action asserted in Plaintiff's complaint:

- With respect to Plaintiff's Lanham Act claim premised upon ACP's alleged use of stories, characters, and artwork allegedly owned by Plaintiff, failure to state a claim in accordance with the U.S. Supreme Court's ruling in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). *See, e.g., Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 713 F.Supp.2d 215, 233-34 (S.D.N.Y. 2010), *citing Dastar.*

- With respect to Plaintiff's NY Gen. Bus. Law §349 deceptive business claim premised upon the allegation that "[ACP's] false and misleading representations of fact and conduct have influenced the purchasing decisions of the public" (Compl. ¶ 94), failure to state a claim for failure to allege harm to the public at large beyond general consumer confusion.  *See, e.g., Levine v. Landy*, 832 F.Supp.2d 176, 192 (N.D.N.Y. 2011).

- With respect to Plaintiff's common law unfair competition and unjust enrichment claims premised upon ACP's alleged use of stories, characters, and artwork allegedly owned by Plaintiff without credit to Plaintiff (Compl. ¶ 101, 108-109), preemption by the U.S. Copyright Act. *See, e.g., Gary Friedrich Enters.*, 713 F.Supp.2d at 229.

- With respect to Plaintiff's copyright infringement claim premised upon ACP's alleged use of stories, characters, and artwork allegedly owned by Plaintiff, failure to state a claim for failure to set forth ACP's alleged infringements — including, specifically, the time(s) of ACP's alleged infringements — with sufficient specificity. *See, e.g., Palmer Kane LLC v. Scholastic Corp.*, 2013 WL 709276, *3-4 (S.D.N.Y. 2013).

Furthermore, notwithstanding the lack of specificity of Plaintiff's copyright infringement allegations in the Complaint, ACP's present understanding of Plaintiff's allegations provides ACP with a strong belief that it will ultimately be entitled to dismissal of all of Plaintiff's copyright infringement claims on statute-of-limitations grounds once the parties have engaged in discovery. *See Getty*, 797 F.Supp.2d at 435.

---

[1] *Cf. Thompson v. Contractor's Supply Corp.*, 138 A.D.3d 694 (2d Dept. 1988) (noting that "the law favors resolution of cases on the merits" and affirming vacatur of default judgment where "defendant never received a copy of the summons and complaint served on the office of the Secretary of State pursuant to Business Corporation Law § 306" and "defendant has established a meritorious defense").

The Honorable Vincent L. Briccetti
October 3, 2016
Page 4 of 4

  Accordingly, in the interests of justice and judicial economy, namely, allowing this matter to proceed to litigation of the merits of Plaintiff's claims rather than requiring unnecessary motion practice over the defective service of process upon ACP, ACP respectfully moves this Court for an order granting ACP an extension to respond to Plaintiff's complaint until October 13, 2016.

  This is ACP's first request for an extension of time to respond to Plaintiff's complaint. Plaintiff has not consented to ACP's request (as set forth above).

           Respectfully submitted,

           **FERDINAND IP, LLC**

           *Edmund J Ferdinand III*

           Edmund J. Ferdinand, III

Cc: All counsel of record
   Via ECF