

| | NEW YORK OFFICE | WESTPORT OFFICE | SILICON VALLEY OFFICE | SAN DIEGO OFFICE |
|---|---|---|---|---|
| | 125 Park Ave, Ste 2508 | 129 Post Road East | 800 W. El Camino Real, Ste 180 | 2255 Aveda de la Playa, Ste 3 |
| | New York, NY 10017 | Westport, CT 06880 | Mountain View, CA 94040 | La Jolla, CA 92037 |
| | P +1(212) 220 0523 | P +1(203) 557 4224 | P +1(650) 903 2201 | P +1(858) 412-4515 |
| | F +1(203) 905 6747 | F +1(203) 905 6747 | F +1(203) 905 6747 | F +1(203) 905 6747 |

EDMUND J. FERDINAND, III, ESQ.
JFerdinand@24iplg.com
Reply to: New York office
Phone: (212) 220-0523

October 11, 2016

The Honorable Vincent L. Briccetti
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

      Re:    *Narrative Ark Entm't LLC v. Archie Comic Publ'ns, Inc., et al.*
             Index No. 7:16-cv-06109-VB

Dear Judge Briccetti:

    On behalf of Defendant, Archie Comic Publications, Inc. ("ACP"), we write in opposition to the letter submitted earlier today by counsel for Plaintiff Narrative Ark Entertainment, Inc. By that letter, counsel effectively seeks reconsideration of Your Honor's Order, dated October 3, 2016, granting ACP's motion for an extension of until October 13, 2016 for ACP to respond to Plaintiff's Complaint. (D.I. No. 12).

    As a threshold matter, Plaintiff's letter seeking reconsideration is improper. Pursuant to Local Civil Rules 5.2(b) and 7.1, Section 13.1 of this Court's Electronic Case Filing Rules & Instructions, and Section 1(B) of Your Honor's Individual Practices, motions for reconsideration may not be made by letter-motion. Hence, Plaintiff's application should be summarily denied for failing to comply with the Court's rules.

    In addition, ACP wishes to respond briefly to counsel's letter to correct the record:

    First, contrary to counsel's unsupported assumptions and accusations, it is undisputed that the certified envelope was never delivered to ACP's corporate office and was marked "undeliverable as address" by the USPS after delivery was attempted on August 24, 2016 through no fault of ACP's. This is confirmed in the attached tracking information for the attempted delivery obtained from the USPS' website. No one at ACP's corporate office refused delivery, notified the USPS that ACP's agent for service of process was not at that location, or took any other action or made any other statement that would give the USPS reason to not complete delivery. Simply put, ACP has no knowledge as to why the delivery was not completed.

    Second, as between ACP and Plaintiff, ACP has been the far more diligent and reasonable party with respect to the issue of the failed service, to wit: (a) Plaintiff filed its Proof of Service on September 20, 2016, more than one month after the purported service was completed on August 17, 2016; (b) upon learning of the claim of service over ACP, we reached



out to counsel on September 23, 2016 to address the issue and to offer to accept service of process; (c) as counsel concedes, he first tried to use the failed service as a means to extract a settlement from ACP and then failed to provide ACP with a response to the requested extension for more than 10 days, which necessitated ACP having to seek the Court's relief in the October 3, 2016 letter-motion; and (d) while counsel notes the religious holiday on October 3, he fails to explain the one-week delay after the holiday in approaching the Court for the relief requested in his letter of earlier today.

Third, counsel repeatedly characterizes ACP as having been in "default," which is simply untrue. Plaintiff never requested issuance of a certificate of default against ACP from the Clerk of the Court. Particularly in light of this Court's clear policy in favor of litigating disputes on the merits, Plaintiff should not now be rewarded for its delay by having the Court reverse its Order of October 3, 2016 granting ACP an extension of the responsive pleading deadline.

Fourth, Plaintiff fails to identify any prejudice that has resulted from ACP's extension of time to respond to Plaintiff's Complaint.

Fifth, counsel misconstrues the nature of ACP's proposed Rule 12(b)(6) motion to dismiss, as outlined in ACP's October 3, 2016 letter-motion. The motion has nothing to do with the prior litigation with Mr. Penders. The instant case presents a completely different set of facts and different potential defenses than the Penders litigation. As previously indicated, ACP intends to move to dismiss Counts III-VI of Plaintiff's Complaint on or before October 13, 2016 because those claims are deficient as a matter of law.

Finally, ACP vehemently denies any suggestion that it sought to evade service in this case. All of the objective evidence of record is to the contrary, including ACP's diligence and speed in seeking to contact both Plaintiff's counsel and the Court and ACP's willingness to have this law firm accept service of process on its behalf to resolve the issue of Plaintiff's failed service. ACP believes very strongly that it has meritorious defenses to Plaintiff's claims, is ready to proceed with the merits of the case and had no reason whatsoever to evade service, as Plaintiff suggests without any foundation whatsoever.

In order to allow this matter to swiftly proceed to the merits of the parties' respective claims and defenses, ACP respectfully requests that Plaintiff's request for reconsideration of the Court's Order granting ACP's request for an extension of time be denied.

Respectfully submitted,

**FERDINAND IP, LLC**

*Edmund J Ferdinand III*

Edmund J. Ferdinand, II

cc:   All counsel of record