BATTERSBY LAW GROUP, LLC
Gregory J. Battersby (GB 2327)
Battersby Law Group, LLC
25 Poplar Plain Rd.
Westport, CT 06880-1027
Phone: (203) 454-9646
Fax:    (866) 579-9591
gjbattersby@gbiplaw.com
FERDINAND IP, LLC

Edmund J. Ferdinand, III (EF 9885)
Alexander R. Malbin (AM 9385)
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Phone: (212) 220-0523
Fax:    (212) 905-6747
jferdinand@24iplg.com
amalbin@24iplg.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRATIVE ARK ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>- against -<br><br>ARCHIE COMIC PUBLICATIONS, INC. and SEGA OF AMERICA, INC.,<br><br>Defendants.<br><br>ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Counterclaim Plaintiff,<br><br>-against-<br><br>NARRATIVE ARK ENTERTAINMENT, LLC and SCOTT FULOP,<br><br>Counterclaim Defendants. | Civil Action No. 7:16-cv-06109-VB<br><br>**DEFENDANT ARCHIE COMIC PUBLICATIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |

1

Defendant, Archie Comic Publications, Inc. ("ACP"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff, Narrative Ark Entertainment, LLC ("Plaintiff") as follows, with each numbered paragraph corresponding to the numbered paragraphs of the Complaint. Unless expressly admitted, ACP denies the allegations and characterizations of each allegation in the Complaint.

## PARTIES

1. ACP admits the allegations set forth in Paragraph 1 of the Complaint.

2. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on that basis denies them.

3. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis denies them.

## JURISDICTION AND VENUE

4. ACP admits that this purports to be a civil action seeking damages and injunctive relief for copyright infringement, violations of the Lanham Act, unfair competition, unjust enrichment and related claims under federal and New York statutory and common law, and for a declaratory judgment, but denies any liability therefor and denies Plaintiff's entitlement to any relief whatsoever.

5. Paragraph 5 of the Complaint attempts to state a legal conclusion to which no response is required. To the extent that a response may be required, ACP admits that the Court has original jurisdiction over the claims asserted by Plaintiff arising under

federal law, and that the Court has supplemental jurisdiction over all other claims asserted by Plaintiff in its Complaint.

   6. Paragraph 6 of the Complaint attempts to state a legal conclusion to which no response is required.  To the extent that a response may be required, ACP admits that this Court has personal jurisdiction over it.

   7. Paragraph 7 of the Complaint attempts to state a legal conclusion to which no response is required.  To the extent that a response may be required, ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies them.

   8. Paragraph 7 of the Complaint attempts to state a legal conclusion to which no response is required.  To the extent that a response may be required, ACP admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

   9. ACP admits the allegations set forth in Paragraph 9 of the Complaint, except ACP denies that it acts as a distributor of comic books or any of the related works listed in Paragraph 9.

   10. ACP admits the allegations set forth in Paragraph 10 of the Complaint.

   11. ACP states that the allegations set forth in Paragraph 11 of the Complaint are vague and ambiguous as written as it is apparent that critical words are missing from the Paragraph and, on that basis, ACP denies them.

   12. ACP admits the allegations set forth in Paragraph 12 of the Complaint, except ACP denies that it acts as a distributor of comic books or any of the related works listed in Paragraph 12.

13. Paragraph 13 of the Complaint attempts to state a legal conclusion to which no response is required.

14. ACP states that the terms of its relationship with Sega, including the scope of rights contained in any agreement between the parties, is confidential. ACP shall supplement this response subject to the Court's entry of a Protective Order in this action.

15. ACP states that the terms of its relationship with Sega, including any monetary consideration paid, is confidential. ACP shall supplement this response subject to the Court's entry of a Protective Order in this action.

16. ACP admits the allegations set forth in Paragraph 16 of the Complaint.

17. ACP admits the allegations set forth in Paragraph 17 of the Complaint, except states that Fulop's work for ACP was governed at all relevant times by a written Independent Contractor's Agreement that provided for ACP's ownership of all intellectual property rights in and to all such work.

18. ACP lacks knowledge or information sufficient to form a belief as to the truth of Scott Fulop's alleged awareness of ACP's business practices, and on that basis denies such allegation. ACP denies the remaining allegations set forth in Paragraph 18 of the Complaint.

19. ACP admits the allegations set forth in Paragraph 19 of the Complaint, but states that all work done by independent contractors at all relevant times was subject to written Independent Contractor's Agreements which provided for ACP's ownership of all intellectual property rights in and to any and all works which were created for ACP.

20. ACP denies the allegations set forth in Paragraph 20 of the Complaint.

21. ACP admits the allegations set forth in Paragraph 21 of the Complaint, but states that all work done by independent contractors like Fulop at all relevant times was subject to a written Independent Contractor's Agreement which provided for ACP's ownership of all intellectual property rights in and to any and all works which were created for ACP.

22. ACP denies the allegations set forth in Paragraph 22 of the Complaint.

23. ACP admits the allegations set forth in Paragraph 23 of the Complaint, but states that all work done by independent contractors like Fulop at all relevant times was subject to a written Independent Contractor's Agreement which provided for ACP's ownership of all intellectual property rights in and to any and all works which were created for ACP.

24. ACP admits the allegations set forth in Paragraph 24 of the Complaint.

25. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies them.

26. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and on that basis denies them.

27. ACP denies the allegations set forth in Paragraph 27 of the Complaint.

28. ACP denies the allegations set forth in Paragraph 28 of the Complaint.

29. ACP denies the allegations set forth in Paragraph 29 of the Complaint.

30. ACP denies the allegations set forth in Paragraph 30 of the Complaint.

31. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and on that basis denies them.

32. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and on that basis denies them.

33. ACP admits the allegations set forth in Paragraph 33 of the Complaint, but states that ACP is the owner of all right, title and interest in and to the works listed in that Paragraph.

34. ACP admits only that Fulop ceased working for ACP after 1998, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint, and on that basis denies them.

35. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and on that basis denies them.

36. ACP states that the Copyright Registrations referenced in Paragraph 36 speak for themselves, and otherwise ACP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint, and on that basis denies them.

37. ACP states that the Copyright Registrations referenced in Paragraph 37 and on Exhibit A speak for themselves. ACP further denies all remaining allegations of Paragraph 37 and specifically denies that Fulop is or was the owner of copyrights in any such works, and denies that Fulop retained ownership rights in any such works. ACP

admits that Fulop filed and obtained copyright registrations in 2010 covering certain stories, characters, and artwork he created as a freelance writer/artist/creator for ACP, but denies the validity of such copyright registrations and denies the claims of Fulop's copyright ownership set forth in such copyright registrations.

38. ACP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and on that basis denies them.

39. ACP states that the allegations set forth in Paragraph 39 of the Complaint are legal conclusions to which no response is required.

40. ACP states that the substance of any communications between ACP and Penders is confidential and ACP will supplement this response after the Court's entry of a Protective Order in this action.

41. ACP admits the allegations set forth in Paragraph 41 of the Complaint.

42. ACP admits the allegations set forth in Paragraph 42 of the Complaint.

43. ACP states that the substance of any agreement between ACP and Penders is confidential and ACP will supplement this response after the Court's entry of a Protective Order in this action.

44. ACP asserts that the referenced document attached as Exhibit B speaks for itself, and ACP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 44 of the Complaint, and on that basis denies them.

45. ACP admits that it received a copy of the letter attached to the Complaint at Exhibit C on or about October 6, 2015, and asserts that such letter speaks for itself.

46. ACP admits the allegations set forth in Paragraph 46 of the Complaint.

47. ACP denies the allegations set forth in Paragraph 47 of the Complaint.

48. ACP denies the allegations set forth in Paragraph 48 of the Complaint.

49. ACP denies the allegations set forth in Paragraph 49 of the Complaint

50. ACP denies the allegations set forth in Paragraph 50 of the Complaint

51. ACP states that the terms of its business dealings with Sega are confidential and ACP will supplement this response after the Court's entry of a Protective Order in this action.

52. ACP denies the allegations set forth in Paragraph 52 of the Complaint.

53. ACP admits that it has filed copyright applications and obtained copyright registrations covering various "Sonic The Hedgehog" comics and publications with Sega's participation, knowledge and consent beginning in or about 2011, and admits that ACP is identified as the author of such works and Sega is identified as the copyright claimant of such works in such applications and registrations. ACP denies the remaining allegations set forth in Paragraph 53 of the Complaint.

54. ACP admits the allegations set forth in Paragraph 54 of the Complaint.

55. ACP denies the allegations set forth in Paragraph 55 of the Complaint.

56. ACP denies the allegations set forth in Paragraph 56 of the Complaint.

57. ACP denies the allegations set forth in Paragraph 57 of the Complaint.

58. ACP denies the allegations set forth in Paragraph 58 of the Complaint.

59. ACP denies the allegations set forth in Paragraph 59 of the Complaint.

60. ACP denies the allegations set forth in Paragraph 60 of the Complaint.

61. ACP asserts that the referenced document attached as Exhibit F speaks for itself and ACP denies the remaining allegations set forth in Paragraph 61 of the Complaint.

62. ACP denies the allegations set forth at Paragraph 62 of the Complaint.

63. ACP denies the allegations set forth at Paragraph 63 of the Complaint.

64. ACP denies the allegations set forth at Paragraph 64 of the Complaint.

**ALLEGED COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS**

65. ACP incorporates by reference its responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. ACP denies the allegations set forth at Paragraph 66 of the Complaint.

67. ACP denies the allegations set forth at Paragraph 67 of the Complaint.

68. ACP denies the allegations set forth at Paragraph 68 of the Complaint.

69. ACP denies the allegations set forth in Paragraph 69 of the Complaint.

70. ACP denies the allegations set forth in Paragraph 70 of the Complaint.

71. ACP denies the allegations set forth in Paragraph 71 of the Complaint.

**ALLEGED CONTRIBUTORY AND VICARIOUS
COPYRIGHT INFRINGEMENT AGAINST DEFENDANT SEGA**

72. ACP incorporates by reference its responses to Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73. ACP denies the allegations set forth in Paragraph 73 of the Complaint.

74. ACP denies the allegations set forth in Paragraph 74 of the Complaint.

75. ACP denies the allegations set forth in Paragraph 75 of the Complaint.

76. ACP denies the allegations set forth in Paragraph 76 of the Complaint.

77. ACP denies the allegations set forth in Paragraph 77 of the Complaint.

78. ACP denies the allegations set forth in Paragraph 78 of the Complaint.

79. ACP denies the allegations set forth in Paragraph 79 of the Complaint.

## ALLEGED VIOLATIONS OF THE LANHAM ACT

80. ACP incorporates by reference its responses to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81. ACP denies the allegations set forth in Paragraph 81 of the Complaint.

82. ACP denies the allegations set forth in Paragraph 82 of the Complaint.

83. ACP denies the allegations set forth in Paragraph 83 of the Complaint.

84. ACP denies the allegations set forth in Paragraph 84 of the Complaint.

85. ACP denies the allegations set forth in Paragraph 85 of the Complaint.

86. ACP denies the allegations set forth in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint attempts to state a legal conclusion to which no response is required.

88. ACP denies the allegations set forth in Paragraph 88 of the Complaint.

89. ACP denies the allegations set forth in Paragraph 89 of the Complaint.

90. ACP denies the allegations set forth in Paragraph 90 of the Complaint.

## ALLEGED DECEPTIVE PRACTICES UNDER NEW YORK'S GENERAL BUSINESS LAW

91. ACP incorporates by reference its responses to Paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92. ACP denies the allegations set forth at Paragraph 92 of the Complaint.

93. ACP denies the allegations set forth at Paragraph 93 of the Complaint.

94. ACP denies the allegations set forth at Paragraph 94 of the Complaint.

95. ACP denies the allegations set forth in Paragraph 95 of the Complaint.

96. ACP denies the allegations set forth at Paragraph 96 of the Complaint.

97. ACP denies the allegations set forth in Paragraph 97 of the Complaint.

98. ACP denies the allegations set forth in Paragraph 98 of the Complaint.

99. ACP denies the allegations set forth in Paragraph 99 of the Complaint.

### ALLEGED COMMON LAW UNFAIR COMPETITION

100. ACP incorporates by reference its responses to Paragraphs 1 through 99 of the Complaint as if fully set forth herein.

101. ACP denies the allegations set forth at Paragraph 101 of the Complaint.

102. ACP denies the allegations set forth at Paragraph 102 of the Complaint.

103. ACP denies the allegations set forth in Paragraph 103 of the Complaint.

104. ACP denies the allegations set forth at Paragraph 104 of the Complaint.

105. ACP denies the allegations set forth in Paragraph 105 of the Complaint.

106. ACP denies the allegations set forth in Paragraph 106 of the Complaint.

### ALLEGED UNJUST ENRICHMENT

107. ACP incorporates by reference its responses to Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108. ACP denies the allegations set forth at Paragraph 108 of the Complaint.

109. ACP denies the allegations set forth at Paragraph 109 of the Complaint.

### CLAIM FOR DECLARATORY JUDGMENT

110. ACP incorporates by reference its responses to Paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111. ACP denies the allegations set forth in Paragraph 111 of the Complaint.

112. ACP denies the allegations set forth in Paragraph 112 of the Complaint.

113. ACP denies the allegations set forth in Paragraph 113 of the Complaint.

114. ACP denies the allegations set forth in Paragraph 114 of the Complaint.

115. ACP denies the allegations set forth in Paragraph 115 of the Complaint.

116. ACP denies the allegations set forth in Paragraph 116 of the Complaint.

117. ACP denies that Plaintiff is entitled to the declaratory judgment or any of the relief requested in Paragraph 117 of the Complaint.

## JUDGMENT & RELIEF SOUGHT BY PLAINTIFF

ACP denies that Plaintiff is entitled to any of the relief requested in the eleven alphabetical paragraphs beneath the heading "WHEREFORE, Plaintiff demands judgment" in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of Plaintiff's alleged causes of action fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Some or all of Plaintiff's alleged state law and/or common law causes of action are preempted by federal copyright law.

**FIFTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks ownership of valid U.S. copyright registrations covering the allegedly-infringed works.

**SIXTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks copyright ownership of some or all of the works allegedly infringed by ACP.

**SEVENTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent that ACP is the copyright-owner of some or all of the works allegedly infringed by ACP.

**EIGHTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent that ACP possesses a valid license from Plaintiff's predecessor-in-interest authorizing some or all of the alleged infringements.

**NINTH DEFENSE**

To the extent Plaintiff is entitled to a finding of copyright infringement liability on the part of ACP with respect to any alleged infringements (which ACP denies), Plaintiff is barred from recovering statutory damages or attorney's fees with respect to some or all of such infringements.

**TENTH DEFENSE**

To the extent Plaintiff is entitled to recover statutory damages from ACP pursuant to 17 U.S.C. § 504(c) with respect to any alleged infringements (which ACP denies), Plaintiff is limited to a single statutory damages award for each infringed work with respect to which Plaintiff is entitled to recover statutory damages.

## ELEVENTH DEFENSE

The monetary recovery available to Plaintiff, if any, must be reduced because ACP's alleged infringements were not willful.

## TWELFTH DEFENSE

The monetary recovery available to Plaintiff, if any, must be reduced because ACP's alleged infringements constitute innocent infringements.

## THIRTEENTH DEFENSE

The monetary recovery available to Plaintiff, if any, must be reduced under the doctrine of apportionment.

## FOURTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## SIXTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

## SEVENTEENTH DEFENSE

To the extent that Plaintiff has suffered damages (which ACP denies), Plaintiff has failed to mitigate its damages.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable and Plaintiff has an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, ACP prays for judgment on Plaintiff's Complaint as follows:

1. That Plaintiff's Complaint, and each of the causes of action contained therein, be denied in their entirety and dismissed with prejudice;

2. That ACP be awarded all costs and attorney's fees incurred in connection with the defense of the Complaint to the maximum extent permitted by law; and,

3. That ACP be awarded such other and further relief as the Court may deem just and proper.

**COUNTERCLAIM**

Archie Comic Publications, Inc. ("ACP") brings this Counterclaim against Narrative Ark Entertainment, LLC ("Narrative Ark") for a declaratory judgment of invalidity of the following U.S. Copyright Registrations owned by Narrative Ark (collectively, the "Narrative Ark Registrations"):[1]

| Registration Number | Effective Date of Registration | Title of Work | Author Created |
|---|---|---|---|
| VA 1-737-472 | May 3, 2010 | The Rise of Robotropolis…The Fall of Sonic! Part I, Part II and Part III. | Text, 2-D artwork |
| VA 1-737-477 | May 3, 2010 | "In Every Kingdom There Must Exist A Little Chaos!" Part 1, Part 2 & Part 3. "Knuckles' Quest!" | Text |
| VA 1-737-483 | May 3, 2010 | "Knuckles Quest 2" | Text, 2-D artwork, Author of text. Co-author of story art. |
| VA 1-737-485 | May 3, 2010 | "Knuckles Quest 3: A Land of Dar, A Knight of Virtue!" | Text |
| VA 1-737-471 | May 3, 2010 | The Chaotix in "Don't Let The Island Hit You On The Way Down!" | Text, as the author of the story, also supplied original illustrations, in the form of character |

---

[1] The Narrative Ark Registrations are based on the U.S. Copyright Registrations that Narrative Ark attached to the Complaint as Exhibit A. ACP reserves the right to amend this Counterclaim in the event it learns that Narrative Ark claims ownership of additional U.S. Copyright Registrations during the course of this lawsuit.

15

| | | | |
|---|---|---|---|
| VA 1-737-480 | May 3, 2010 | "Battle Royal!" Battle Royal Part One, Battle Royal Part Two | Text |
| VA 1-737-470 | May 3, 2010 | "Immortality Is Forever…Life Is Finite." | Text |
| VA 1-716-908 | February 19, 2009 | SONIC THE HEDGEHOG - COUNTDOWN TO ARMAGEDDON KNUCKLES QUEST 4: A GOAT, A RAVEN AND A SWAN SONG! | Text, 2-D artwork. Co-author of story art, author of story text (uncredited script layouts). |
| VA 1-720-516 | April 30, 2010 | ENDGAME - Part 2 of 4 - SONIC THE FUGITIVE | Text, 2-D artwork, Co-authorship of over (uncredited), co-authorship of story text |
| VA 1-720-514 | April 30, 2010 | ENDGAME - Part 4 of 4 - THE BIG GOODBYE | Text, 2-D artwork, Co-author of cover art, co-author of story text, author of story pages |
| VA 1-720-518 | April 30, 2010 | SONIC SUPER SPECIAL SONIC 50 DIRECTOR'S CUT | Text, 2-D artwork, Author of story, co-author of text, author of art |
| VA0001737472 | May 3, 2010 | The Rise of Robotropolis?The Fall of Sonic! Part I, Part II and Part III | Photo prints |
| VA0001737477 | May 3, 2010 | "In Every Kingdom There Must Exist A Little Chaos!" Part 1, Part 2 & Part 3. "Knuckles' Quest!" | Photo prints |
| VA0001737483 | May 3, 2010 | "Knuckles Quest 2" | Photo prints |
| VA0001737485 | May 3, 2010 | "Knuckles Quest 3: A Land of Dar, A Knight of Virtue!" | Photo prints |
| VA0001737471 | May 3, 2010 | The Chaotix in "Don't Let The Island Hit You On The Way Down!" | Digital Prints |
| VA0001737480 | May 3, 2010 | "Battle Royal!" Battle Royal Part One, Battle Royal Part Two | Photo prints |
| VA0001737470 | May 3, 2010 | "Immortality Is Forever…Life Is Finite." | Digital Prints |
| VA0001716908 | February 19, 2009 | SONIC THE HEDGEHOG - COUNTDOWN TO ARMAGEDDON KNUCKLES QUEST 4: A GOAT, A RAVEN AND A SWAN SONG! | Photocopied comic book |
| VA0001720516 | April 30, 2010 | ENDGAME - Part 2 of 4 - SONIC THE FUGITIVE | Comic book, 2c |
| VA0001720514 | April 30, 2010 | ENDGAME - Part 4 of 4 - THE BIG GOODBYE | Comic book, 2c |
| VA0001720518 | April 30, 2010 | SONIC SUPER SPECIAL SONIC 50 DIRECTOR'S CUT | Photocopied comic book |

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202. The Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. ACP is a New York corporation with a principal place of business located at 629 Fifth Avenue, Pelham, New York 10803.

4. Upon information and belief, Narrative Ark is a New York limited liability company with a principal place of business located at P.O. Box 712, Mamaroneck, New York 10543.

5. Upon information and belief, Scott Fulop is an individual residing in the State of New York.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF U.S. COPYRIGHT REGISTRATION INVALIDITY

6. An actual case or controversy exists between the parties by virtue of the Complaint for copyright infringement filed by Narrative Ark against ACP. ACP brings this claim in order to clear title to valuable copyright rights in and to the "Sonic the Hedgehog" comic book series.

7. The basis of this controversy stems from Narrative Ark's assertion that ACP has infringed its works as described in the Narrative Ark Registrations. (Compl. ¶¶ 37, 47-64). The works described in the Narrative Ark Registrations were created by Scott Fulop, who, upon information and belief, later assigned his rights to Narrative Ark. (Compl. ¶¶ 21, 33, 37).

8. The Narrative Ark Registrations claim ownership for works, including stories, characters and artwork, that Scott Fulop created while working as an independent contractor for ACP, on a commissioned basis, at ACP's instance and expense, and it was the expectation at all relevant times that ACP and/or Sega would own all of the copyrights in and to Fulop's works.

9. For many years, ACP and/or Sega have held themselves out as the owner of the copyrights in and to the works for the "Sonic the Hedgehog" comic book series that Narrative Ark is now claiming rights to by virtue of the Narrative Ark Registrations, and ACP and/or Sega own U.S. Copyright Registrations covering the "Sonic the Hedgehog" comic book series.

10. The Narrative Ark Registrations are invalid because, among other reasons: (a) Scott Fulop's creative works claimed in the Narrative Ark Registrations were all created for ACP on a Work for Hire basis; (b) Scott Fulop was required to assign any rights that were not considered Work for Hire to ACP; and (c) Scott Fulop and/or its successor in interest, Narrative Ark, are barred by the doctrines of laches, estoppel and unclean hands, among other reasons, from claiming rights to the works described in the Narrative Ark Registrations.

11. Accordingly, ACP seeks a judgment: (i) declaring the Narrative Ark Registrations to be invalid; (ii) directing Narrative Ark and Scott Fulop to request the Register of Copyrights to cancel the above-described Narrative Ark Registrations; and (iii) declaring that Scott Fulop and Narrative Ark are prohibited from claiming any rights in and to the works claimed in the Narrative Ark Registrations, or from seeking to exploit those rights to any third party in the future.

12. ACP has no adequate remedy at law.

WHEREFORE, ACP respectfully requests that the Court enter judgment:

1. Declaring the Narrative Ark Registrations to be invalid;

2. Directing Narrative Ark and Scott Fulop to request the Register of Copyrights to cancel the Narrative Ark Registrations;

3. Declaring that Scott Fulop and Narrative Ark are prohibited from claiming any rights in and to the works claimed in the Narrative Ark Registrations, or from seeking to exploit those rights to any third party in the future;

4. Awarding ACP its costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505; and,

5. Providing such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 13, 2016

Respectfully submitted,

__s/ Edmund J. Ferdinand, III_____
Edmund J. Ferdinand, III – Bar No. EF9885
Alexander Malbin – Bar No. AM9385
Ferdinand IP, LLC
125 Park Avenue
25th Floor, Suite 2508
New York, NY 10017
Phone: (212) 220-0523
Fax:    (212) 905-6747
jferdinand@24iplg.com
amalbin@24iplg.com

*Counsel for Defendant,*
*Archie Comic Publications, Inc.*

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on October 13, 2016, the foregoing ARCHIE COMIC PUBLICATIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      ___s/ Alexander Malbin_____