LAW OFFICES OF NEIL A. BURSTEIN
_____

Westchester Office
63 Winterberry Circle
Cross River, New York 10518

Attorney and Counsel at Law

Neil A. Burstein
www.neilburstein.com
email: nabesq1@gmail.com
phone: 914-977-3467

November 21, 2016

The Honorable Vincent L. Briccetti
United States Judge
United States District Court
300 Quarropas Street, Room 630
White Plains, NY 10601

       **Re: Narrative Ark Entertainment LLC v. Archie Comic Publications, Inc., et. al.**
          **Index No. 7:16-cv-06109-VB**

Dear Judge Briccetti:

      This letter is opposition to Defendant Sega of America, Inc. ("Sega") request for leave of the Court to file under seal certain documents that allegedly contain confidential information.

      Counsel for Sega advises the Court that Sega seeks to submit an agreement reflecting the licensing relationship between defendant Archie Comic Publications, Inc. ("Archie") and Sega during the relevant time period in question.

      While it is true that Sega provided counsel for plaintiff with the document for review, counsel for Sega neglects to advise the Court that Sega did not respond to any of the questions raised by plaintiff's counsel regarding the need for this document to be under seal. The license agreement appears to counsel for plaintiff to be a rather typical licensing agreement. Clearly, there is no need to have the entire document under seal. Counsel for Plaintiff offered to discuss with counsel for Sega which provisions of the agreement might reasonably be redacted but this offer was refused. Instead, Sega seeks to burden the court with the instant motion.

      Fed.R.Civ.P. 26(c)(1)(G) provides, in relevant part, "The court may, for good cause, issue a protective order "requiring that a trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way."  It is respectfully submitted that Sega has not demonstrated good cause for why the document needs to be placed under seal or revealed only in a certain way.

      In the courts of New York, and most other state and federal jurisdictions, there is a strong presumption favoring public legal proceedings and against sealing of files without good cause shown.  *Danco Lab., Ltd. V. Chemical Works of Gedeon Richter, Ltd.,* 274 A.D. 2d 1, 711 N.Y.S. 2d 419 (1st Dept 2000). More proof is generally required in connection with dispositive motions, *see, con-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, *Case No. 12-cv-03844 (N.D. Cal.,*

*Mar. 3, 2015) (Tigar, J.)*. Requests relating to a dispositive motion require "compelling reasons" for overriding the public interest in the openness and transparency of court proceedings.

      In the instant case, counsel for Sega has provided the Count with painfully little information about the nature of the document upon which, in counsel's own words, it soon intends to file a dispositive motion.  Nor is it explained why the entire document needs to be placed under seal instead of less restrictive measures such a redactacting specific  provisions.  The only reasons provided by Sega are self-serving and unsupported statements that the agreement contains commercially sensitive information.  Significantly, counsel for Sega does not assert that there are any trade secrets contained in the agreement.

      In short, Sega has not provided the Court with any compelling reasons, supported by affidavits or other facts, as to the need for the document(s) to be placed under seal, Instead, counsel for Sega has merely given conclusory statements that the document contains sensitive and confidential information.  Counsel for Sega has not even identified the date of the document, the title of the document and other information which would allow the Court to make an informed decision as to whether the document needs to be under seal.

      For all of the above reasons, it is respectfully requested that Sega request for leave to file under seal be denied until such time as good cause is shown and specifying the manner in which such document(s) may be revealed.

      Respectfully submitted,

      Neil A. Burstein

      /s/ Neil Burstein

cc: All counsel of Record via ECF