UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NARRATIVE ARK ENTERTAINMENT LLC,

                    Plaintiff,

          v.

ARCHIE COMIC PUBLICATIONS, INC. and
SEGA OF AMERICA, INC.,

                    Defendants.

---

**DECLARATION OF YUSUKE SUAI IN SUPPORT OF DEFENDANT SEGA OF AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Case No. 7:16-cv-06109-VB

I, Yusuke Suai, hereby declare as follows:

1.       I am Executive Vice President at Sega of America, Inc. (**"Sega"**) and have worked in that role at Sega since July 1, 2015.  I also served as Executive Vice President of Publishing and Strategic Planning at Sega from June 1, 2013 to June 30, 2015.  I have personal knowledge of the facts below.  I have also reviewed the allegations in Narrative Ark Entertainment LLC's (**"Narrative Ark"**) Amended Complaint, filed November 11, 2016. Dkt. No. 38.

2.       Before my recent roles at Sega, I have held positions at several companies within the broader Sega family.  From April 2004 to May 2013, I worked at Sega Europe Ltd. in the United Kingdom, first as Business Planning Manager (April 2004 – March 2006), then as Head of Business Planning  (April 2006 – March 2008), and Director of Business Planning & Operations (April 2008 – March 2010), and finally as Senior Vice President of Business Planning (April 2010 – May 2013).  Prior to that, I worked as Product and Public Relations Assistant of Sonic titles and Business Planning Executive at Sega Corporation in Japan

(September 2000 – March 2004), and Deputy Manager of Sega World Route 45, one of Sega's arcade venues in Aomori, Japan (April 1999 to August 2000).

3.      Sega makes video games for personal computers and gaming consoles.  Some of its characters are iconic in the gaming industry, including the popular video game character "Sonic the Hedgehog."

4.      Sega is incorporated and maintains its principal place of business in California.  The address of Sega's principal place of business is 6400 Oak Canyon, Suite 100, Irvine, CA 92618.

5.      Sega is not a domiciliary of New York.  Sega does not maintain offices in New York.  It does not have employees in New York.  Nor does Sega keep bank accounts or own property in New York.

6.      On or about June 11th, 1992, Sega entered into a Merchandising Agreement with Archie Comic Publications, Inc. ("Archie"), a publisher and distributor of comic books.  At the time that Archie and Sega negotiated the agreement, the address of Sega's principal place of business was at 130 Shoreline Drive, Redwood City, CA 94065.  **Exhibit A** is the executed Merchandising Agreement between Archie and Sega.  Sega does not itself develop, make, or distribute, any of the products that Archie sells in New York or elsewhere under the Merchandising Agreement.  Nor does Archie act as Sega's agent under the Merchandising Agreement.  Under the Merchandising Agreement, Sega allows Archie to develop, market, and sell comic books and related products using certain Sega characters, such as "Sonic the Hedgehog."  In exchange, Archie agrees to pay Sega royalties (Section 3) and to give Sega certain intellectual property rights in the works that Archie develops (Section 8).  The Merchandising Agreement specifies that: "All payments and royalty statements due hereunder

shall be made payable to LICENSOR and shall be mailed to Sega of America, 130 Shoreline Drive, Redwood City, CA 94065."  Section 3(l).

7.      The 1992 Merchandising Agreement sets the terms of the contractual relationship between Archie and Sega with respect to Archie's development of comic books and related products using characters from the Sonic Universe.  The initial term of the agreement was from April 15, 1992 through December 31, 1993.  *See* **Exhibit A** at Page 2.  The agreement gave the parties the option to renew this term of the contract, and Archie and Sega did so.  This Merchandising Agreement was operative during the years that Narrative Ark alleges that Scott D. Fulop performed work for Archie, and its terms remain in force today.  The agreement also contains some confidential information about the nature of the relationship between Sega and Archie, as well commercially sensitive deal terms that could cause harm to Sega and Archie, and their respective abilities to negotiate with prospective business partners, if publicly disclosed.

8.      The Merchandising Agreement includes choice-of-law and forum selection clauses favoring California.  Section 15 provides that: "This Agreement shall be governed in accordance with the laws of the State of California."  Section 16 provides that: "The parties hereto agree that any, action or proceeding arising out of or relating to this Agreement shall be instituted and prosecuted in the United States District Court for the Northern District of California if in Federal Court, or in any Court of competent jurisdiction of the state of California located in Santa Clara, San Mateo, or San Francisco counties if in State Court and the parties hereto irrevocably submit to the jurisdiction and venue of said courts and waive any rights to object to or challenge the appropriateness of said forums."

9.      In the regular course of business, Sega negotiates its contracts by phone or email, and it usually executes contracts at its principal place of business in California.  Sega and Archie

negotiated the Merchandising Agreement over twenty years ago, before I began working at Sega. But, based on my preliminary investigation of the allegations in Narrative Ark's Amended Complaint, I have no reason to believe that Sega negotiated the Merchandising Agreement in a manner inconsistent with this regular business practice.

10.     As the licensing relationship between Archie and Sega under the Merchandising Agreement currently operates, Sega does not supervise Archie's comic book artists, writers, or independent contractors as they develop materials under the Merchandising Agreement.  Sega does have certain approval rights that it may exercise, and its approval "shall not be unreasonably withheld."  Section 6(h) of **Exhibit A.**  To the extent that Sega exercises any such rights, it is with Archie itself and not with any of Archie's comic book artists, writers, or independent contractors.  Based on my preliminary investigation of the allegations in Narrative Ark's Amended Complaint, I have no reason to believe that Sega's historical relationship with Archie operated in a manner inconsistent with this current practice.

11.     Sega did not hire or pay Scott D. Fulop during the years that Narrative Ark alleges that Scott D. Fulop performed work for Archie.

12.     Sega did not know about any dispute between Narrative Ark and Archie, or any dispute arising from work that Mr. Fulop performed for Archie, until after Narrative Ark filed its complaint in this lawsuit.  Sega did not receive any demand letter from Narrative Ark or Mr. Fulop.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 21st day of November, 2016, in Burbank, California.

Yusuke Suai

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on November 21, 2016, the foregoing DECLARATION OF YUSUKE SUAI IN SUPPORT OF DEFENDANT SEGA OF AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Armen Nercessian*
Armen Nercessian