UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARRATIVE ARK ENTERTAINMENT LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ARCHIE COMIC PUBLICATIONS, INC. and SEGA OF AMERICA, INC.,<br><br>    Defendants. | Case No. 7:16-cv-06109-VB |

**REPLY BRIEF IN SUPPORT OF DEFENDANT SEGA OF AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

    I.    NARRATIVE ARK CANNOT ESTABLISH ANY BASIS FOR EXERCISING PERSONAL JURISDICTION OVER SEGA UNDER NEW YORK LAW ..........1

        A.    The Merchandising Agreement does not provide a basis for exercising personal jurisdiction over Sega in this case .................................................2

        B.    There is no allegation that Sega, as opposed to Archie, committed any tortious act with foreseeable consequences in New York ..........................5

    II.    EXERCISING PERSONAL JURISDICTION OVER SEGA VIOLATES DUE PROCESS ................................................................................................................7

    III.    NARRATIVE ARK HAS NO ENTITLEMENT TO JURISDICTIONAL DISCOVERY, AND THIS COURT SHOULD DISMISS THIS ACTION WITH RESPECT TO SEGA IN ITS ENTIRETY .............................................................9

    IV.    NARRATIVE ARK FAILS TO RESPOND TO SEGA'S MOTION FOR A MORE DEFINITE STATEMENT .......................................................................10

CONCLUSION .....................................................................................................................10

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*,
　98 F.3d 25 (2d Cir. 1996) ................................................................................................2, 3

*Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*,
　975 F. Supp. 494 (S.D.N.Y. 1997) ........................................................................................6

*Aquiline Capital Partners LLC v. FinArch LLC*,
　861 F. Supp. 2d 378 (S.D.N.Y. 2012) ...................................................................................5

*Bissonnette v. Podlaski*,
　138 F. Supp. 3d 616, 628 (S.D.N.Y. 2015) .......................................................................3, 4

*Burger King Corp. v. Rudzewicz*,
　471 U.S. 462 (1985) ..............................................................................................................8

*Chloé v. Queen Bee of Beverly Hills, LLC*,
　616 F.3d 158 (2d Cir. 2010) ..................................................................................................6

*Daimler AG v. Bauman*,
　134 S. Ct. 746 (2014) ............................................................................................................7

*Eaton v. Dorchester Dev., Inc.*,
　692 F.2d 727 (11th Cir. 1982) .........................................................................................9, 10

*Haber v. United States*,
　823 F.3d 746 (2d Cir. 2016) ..................................................................................................9

*Hunter v. Deutsche Lufthansa AG*,
　863 F. Supp. 2d 190 (E.D.N.Y. 2012) ...................................................................................9

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*,
　893 F. Supp. 1251 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999) ...............................4

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
　386 F.3d 107 (2d Cir. 2004) ..................................................................................................2

*Kaufhold v. Cyclopian Music, Inc.*,
　No. 10 Civ. 4588(DLC), 2010 WL 5094630 (S.D.N.Y. Dec. 14, 2010) ................................5

*Kernan v. Kurz-Hastings, Inc.*,
　175 F.3d 236 (2d Cir. 1999) ..................................................................................................7

*Klutz v. Yagoozon, Inc.*,
　No. 16 CIV. 4538 (JSR), 2016 WL 5806902 (S.D.N.Y. Sept. 20, 2016) ..........................1, 2

# TABLE OF AUTHORITIES
## (CONTINUED)

**CASES**         **PAGE(S)**

*Maranga v. Vira*,
  386 F. Supp. 2d 299 (S.D.N.Y. 2005) ................................................................................5

*Maresca v. Holiday Inns, Inc.*,
  No. 92 CIV 4550 (RPP), 1993 WL 8166 (S.D.N.Y. Jan. 5, 1993)..........................................4

*Molchatsky v. United States*,
  778 F. Supp. 2d 421 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013) ..............................9

*Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*,
  14 F. Supp. 3d 191, 215 (S.D.N.Y. 2014).................................................................................6

*Posner v. Essex Ins. Co.*,
  178 F.3d 1209 (11th Cir. 1999) ................................................................................................9

*Schaadt v. T.W. Kutter, Inc.*,
  564 N.Y.S.2d 865 (1991)..........................................................................................................7

*Schultz v. Safra Nat. Bank of N.Y.*,
  No. 08 Civ. 2371(RMB)(FM), 2009 WL 636317 (S.D.N.Y. Mar. 10, 2009),
  *aff'd*, 377 F. App'x 101 (2d Cir. 2010)..................................................................................10

*Spencer Trask Ventures, Inc. v. Archos S.A.*,
  No. 01 CIV. 1169(LAP), 2002 WL 417192 (S.D.N.Y. 2002)...................................................3

*SPV OSUS Ltd. v. UBS AG*,
  114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015)...............................................................................2

*Sunward Elecs., Inc. v. McDonald*,
  362 F.3d 17 (2d Cir. 2004)....................................................................................................3, 7

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014)..............................................................................................................8

*Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*,
  No. 00 CIV. 56632001...............................................................................................................4

**STATUTES**

New York Civil Practice Law and Rules § 302(a) ................................................................3, 5, 7

**INTRODUCTION**

Defendant Sega of America, Inc. (**"Sega"**), a California company, hereby submits this reply brief in support of its motion to dismiss the Amended Complaint of Plaintiff Narrative Ark Entertainment LLC (**"Narrative Ark"**), Dkt. No. 38 (**"Amended Complaint"**), for lack of personal jurisdiction, and its alternative motion for a more definite statement. This lawsuit arises from a dispute between Defendant Archie Comic Publications, Inc. (**"Archie"**), a New York company, and Scott Fulop, one of Archie's former employees and Narrative Ark's principal.

Narrative Ark's opposition brief, Dkt. No. 59 (**"Opp."**), only confirms why the exercise of personal jurisdiction over Sega is inappropriate here. Despite having an additional month to prepare its opposition, *see* Dkt. No. 55, Narrative Ark still fails to identify any affirmative conduct by Sega that could establish a basis for personal jurisdiction.[1] Instead, Narrative Ark's opposition confuses the relevant standards for personal jurisdiction under New York law and the Due Process Clause and erroneously tries to impute Archie's conduct to Sega. As Sega demonstrated in its opening brief, Sega's *only* connection with this dispute is an agreement between Sega and Archie, to which Narrative Ark is not a party, and which is legally insufficient to confer jurisdiction over Sega in New York. Accordingly, this Court should dismiss Narrative Ark's claims against Sega in their entirety for lack of personal jurisdiction.

**ARGUMENT**

**I.   NARRATIVE ARK CANNOT ESTABLISH ANY BASIS FOR EXERCISING PERSONAL JURISDICTION OVER SEGA UNDER NEW YORK LAW.**

To maintain this action against Sega, Narrative Ark must establish that this Court has personal jurisdiction over Sega. A plaintiff's "conclusory allegation concerning [a] defendant's New York business is insufficient to establish personal jurisdiction." *Klutz v. Yagoozon, Inc.*,

---

[1] Narrative Ark also fails to provide any substantive response to Sega's motion for more definite statement.

No. 16 CIV. 4538 (JSR), 2016 WL 5806902, at *2 (S.D.N.Y. Sept. 20, 2016); *see also SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015) ("[C]onclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction.") (internal citations and quotations omitted).

Narrative Ark has not carried this burden. Its opposition fails to address the factors that courts weigh when determining whether personal jurisdiction over a defendant is proper under New York law. *See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). Nor does Narrative Ark cite any authority to support its argument that the contract between Sega and Archie, containing choice-of-law and venue provisions favoring California, would give *Narrative Ark* any right to sue Sega in New York. Instead, seeking to breathe life into a facially deficient complaint, Narrative Ark submits a declaration rife with conclusory and incompetent allegations about jurisdiction. Dkt. No. 59-1 (**"Fulop Declaration"** or **"Fulop Decl."**); *see also J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (noting that courts "may not rely on conclusory or hearsay statements" contained in affidavits to resolve jurisdictional disputes). Neither Narrative Ark's opposition nor the Fulop Declaration furnish a basis for exercising personal jurisdiction over Sega in this case.

> A. The Merchandising Agreement does not provide a basis for exercising personal jurisdiction over Sega in this case.

As is evident from Narrative Ark's opposition, the core of its claims against Sega remains Sega's Merchandising Agreement with Archie: "Plaintiff has specifically alleged, among other things, that Sega and Archie entered in [*sic*] a worldwide licensing relationship. . . ." Opp. at 13; *see also id.* at 6 ("It is undisputed that Sega contracted to supply to Archie in New York the intellectual property which is the gravamen of this action pursuant to a merchandising/licensing agreement."); *id.* at 14 ("Sega transacted business in New York and/or contracted to supply

2

goods or services in the state is [*sic*] evidenced by the merchandising/licensing agreement between Sega and Archie.").

This contractual relationship is insufficient to confer personal jurisdiction over Sega in this case. As a threshold matter, "[t]he mere fact that a non-domiciliary enters into a contract with a company headquartered in New York does not establish the requisite minimum contacts" for purposes of jurisdiction. *Spencer Trask Ventures, Inc. v. Archos S.A.*, No. 01 CIV. 1169(LAP), 2002 WL 417192, at *4 (S.D.N.Y. 2002). Moreover, the majority of the factors that courts look to in determining whether to exercise personal jurisdiction under Section 302(a)(1) favor dismissal of Narrative Ark's claims. *See Agency Rent A Car*, 98 F.3d at 29 (enumerating factors); *cf.* Dkt. No. 48 (**"Brief"**) at 6-7. In particular, the existence of choice-of-law and venue provisions favoring California, rather than New York, is "a significant factor" against exercising personal jurisdiction. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 23 (2d Cir. 2004).

Narrative Ark ignores these considerations entirely and instead attempts to inject New York into every provision of the Merchandising Agreement.[2] *See* Opp. at 8, 14. Relying on the Fulop Declaration, Narrative Ark now argues that the 1992 contract targeted New York—***when Mr. Fulop was not even employed at Archie when Sega and Archie entered the Merchandising Agreement***. *See* Fulop Decl. at ¶¶ 1-2. Moreover, Mr. Fulop has not set forth any allegation that he ever negotiated any agreements on behalf of Archie. Nor do the provisions to which Narrative Ark calls attention evidence any intent on Sega's part to target New York. Rather, any benefit that Sega received under the agreement by virtue of Archie's sale of comics was nationwide in scope: "[T]he mere characterization of Defendants' practice as 'nationwide' [or

---

[2] Narrative Ark also mischaracterizes statements in the declaration of Mr. Yusuke Suai. *See* Dkt. No. 49 (**"Suai Declaration"** or **"Suai Decl."**). Nothing in the Suai Declaration suggests that Sega derived "substantial revenue from the sales of the infringing publications in New York" (Opp. at 7), or that products would be "primarily distributed and sold" in New York (*id.* at 14).

3

'worldwide'] does not suffice to establish purposeful availment . . . ." *Bissonnette v. Podlaski*, 138 F. Supp. 3d 616, 628 (S.D.N.Y. 2015) (dismissing claims for lack of jurisdiction). Indeed, Narrative Ark concedes that Sega and Archie entered into a "worldwide licensing relationship." Opp. at 13; *see also* Amended Complaint at ¶¶ 10, 12, 13, 78, 82.

That the agreement granted Sega a right to monitor materials Archie developed is irrelevant. "The Lanham Act imposes an affirmative duty upon trademark owners to supervise trademark licensees to ensure" the quality of goods using a licensed mark. *Maresca v. Holiday Inns, Inc.*, No. 92 CIV 4550 (RPP), 1993 WL 8166, at *5 (S.D.N.Y. Jan. 5, 1993) (holding that the "control" licensor exercised was "not a ground for exercising jurisdiction" because it arose from an "affirmative duty" under Lanham Act). "The Act does not create an agency relationship," and it does not furnish an automatic basis for personal jurisdiction. *Id.* In fact, contrary to Plaintiff's assertions, **the Merchandising Agreement disclaims any joint venture or agency relationship between Sega and Archie.** Suai Decl., Ex. A at § 19.

Nor do Mr. Fulop's new allegations of Sega's "extensive supervision and control" change the jurisdictional analysis. For one, "[t]elephone calls and correspondence sent into New York, by a non-domiciliary defendant who is outside New York, generally are insufficient to establish personal jurisdiction." *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1261 (S.D.N.Y. 1995), *aff'd*, 201 F.3d 431 (2d Cir. 1999) (collecting cases). But, more critically, Mr. Fulop's purported communications with Sega personnel do not appear to have "anything to do with the subject matter of this lawsuit." *See Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 CIV. 56632001 WL 1468168, at *7 (S.D.N.Y. Nov. 19, 2001) (finding meetings without an "articulable nexus" to underlying dispute inadequate to establish jurisdiction). The communications Mr. Fulop describes occurred from February 1994 through January 1996, while

Mr. Fulop worked as a staff editor and manager at Archie. *See* Fulop Decl. at ¶¶ 3-10, 14-15. According to the copyright registration certificates Narrative Ark submitted with its Amended Complaint, however, the earliest publication date seems to be June 4, 1996. *See* Amended Complaint, Ex. A at 1. There is also no allegation that Sega actively supervised freelance contributors to Sonic comic books or the development of any of the works at issue.

The only relevant contact with New York was Sega's "ongoing contractual relationship with a New York corporation," Archie. That is insufficient to confer personal jurisdiction under New York law. *See Maranga v. Vira,* 386 F. Supp. 2d 299, 306 (S.D.N.Y. 2005).

> **B.    There is no allegation that Sega, as opposed to Archie, committed any tortious act with foreseeable consequences in New York.**

Narrative Ark next argues that jurisdiction exists over Sega under Section 302(a)(2) or Section 302(a)(3) of New York's long-arm statute.[3] Opp. at 7, 16-17. But, once again, Narrative Ark fails to allege that *Sega* – as distinct from Archie – committed any tortious act. *See Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 385 (S.D.N.Y. 2012) (plaintiff must establish jurisdiction "with respect to each defendant") (citation omitted). Narrative Ark does not dispute that Archie, not Sega, published and distributed the works at issue. Indeed, the exemplar that Narrative Ark included with its opposition lists Archie as the sole publisher.[4] *See* Fulop Decl., Ex. A.

Unable to identify any affirmative acts that Sega performed, Narrative Ark instead

---

[3] With this argument, Narrative Ark introduces a new basis for personal jurisdiction under New York Civil Practice Law and Rules § 302(a)(2). Plaintiff had previously asserted personal jurisdiction over Sega only under Sections 302(a)(1) and (3). Amended Complaint at ¶ 7.

[4] The only other tort Narrative Ark alleges relates to copyright registrations that were not filed in New York and bear no relationship to this forum except that Plaintiff resides here. *See Kaufhold v. Cyclopian Music, Inc.*, No. 10 Civ. 4588(DLC), 2010 WL 5094630, at *4 (S.D.N.Y. Dec. 14, 2010) (holding that alleged false representations to PTO did not furnish personal jurisdiction in New York, where plaintiff sought to have the defendants' trademark registrations cancelled).

attempts to impute Archie's conduct to Sega.  Without citation to precedent, the Amended Complaint, or the Fulop Declaration, Narrative Ark now alleges that Archie acted as Sega's agent.  Opp. at 19.  But a "simple conclusory allegation to the effect that 'defendant A acted as defendant B's agent,' without more, [does] not plausibly state an agency relationship" and cannot be credited at the motion to dismiss stage.  *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 215 (S.D.N.Y. 2014) (citations and quotations omitted).  This assertion also flatly contradicts the Merchandising Agreement.  *See* Suai Decl., Ex. A at § 19.

Moreover, Narrative Ark ignores nearly all of the authority Sega raised in its opening brief, instead invoking precedent that has limited relevance to the instant case.  For instance, Narrative Ark tries to draw parallels to *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494 (S.D.N.Y. 1997), which involved a trademark claim against the publisher of a website for use of certain marks on its webpages.  In that case, the defendant website-publisher did not dispute that it had committed an allegedly tortious act—namely, putting the mark on its webpages.  *Id.* at 497.  Since the defendant's website operated in New York, and there were "tangible manifestations" that it was attempting to reach the New York market, the court found that harm in New York was foreseeable.  *Id.* at 498.  That stands in sharp contrast to the case here, where Narrative Ark cannot articulate any tortious acts that Sega committed.

Similarly, *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010) has no relevance here.  *Chloé* dealt with the issue of when a court may impute an employer's acts to an out-of-state employee for jurisdictional purposes.  *Id.* at 169.  And the *Chloé* Court merely held that "the single act of an out-of-state defendant employee shipping an item into New York, ***combined with his employer's extensive business activity involving New York,*** gives rise to personal jurisdiction over the employee."  616 F.3d at 165 (emphasis added).  That holding has

6

no bearing on the issues here, where there is no employer-employee relationship between Archie and Sega, and where Narrative Ark does not and cannot allege any affirmative conduct by Sega.

Narrative Ark also fails to offer any explanation about why harm in New York should have been foreseeable to Sega. It does not dispute that Narrative Ark's filing of the complaint was Sega's first notice of any dispute regarding work that Mr. Fulop performed for Archie. *See* Suai Decl. at ¶ 12. Nor does Narrative Ark contend that Sega engaged in any specific course of conduct with foreseeable effects in New York. It also does not address how the forum selection provisions of the Merchandising Agreement, which favored California, would affect Sega's reasonable expectations. Suai Decl. at ¶ 8, Ex. A at §§ 15, 16. *Cf. Sunward Elecs.,* 362 F.3d at 23 (forum selection clause is "a significant factor in a personal jurisdiction analysis").

Instead, Narrative Ark relies on generalized allegations that Sega was "aware" of infringing activity and that—because the parties contemplated the "possibility of infringement actions" generally—Sega must have expected consequences in New York. *See* Opp. at 18 (citing Amended Complaint at ¶¶ 59, 61). But, under Section 302(a)(3), "[i]t is not enough that a defendant foresaw the possibility that its product would find its way here; foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999) (quoting *Schaadt v. T.W. Kutter, Inc.*, 564 N.Y.S.2d 865, 866 (1991)).

The kind of purposeful conduct that New York's long-arm statute demands is absent here. Accordingly, Sega could not have reasonably anticipated being haled into New York court based on its agreement with Archie.

## II. EXERCISING PERSONAL JURISDICTION OVER SEGA VIOLATES DUE PROCESS.

In 2014, the Supreme Court narrowed the applicable constitutional tests for general and

7

specific personal jurisdiction.  *See Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) (general personal jurisdiction); *Walden v. Fiore*, 134 S. Ct. 1115 (2014) (specific personal jurisdiction). Narrative Ark fails to address *any* of the recent Supreme Court jurisprudence concerning personal jurisdiction under the Due Process Clause.  Narrative Ark repeatedly concludes that the exercise of personal jurisdiction over Sega is appropriate, but does nothing to substantiate its position:  "Sega has clearly availed itself of the privileges of doing business in New York."  Opp. at 21; *see also id.* at 22 ("Clearly, Sega has purposely availed itself of the benefits of doing business in New York . . . .  It is clear based upon the facts which have been alleged that jurisdiction is reasonable. . . ."); *id.* at 23 ("Given the low threshold for demonstrating reasonableness in the due process context, it is clear that this second requirement is satisfied as well.").  Narrative Ark's argument is all adverbs and no analysis.

As with its arguments concerning jurisdiction under New York's long-arm statute, Narrative Ark's Due Process Clause analysis depends entirely on the contract between Sega and Archie.  But Narrative Ark fails to consider the actual terms of the Merchandising Agreement or how its forum selection provisions informed the reasonable expectations of the parties.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), which Narrative Ark cites, expressly rejected the simplistic formulation of jurisdiction that Narrative Ark advances:  "If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."  *Id.* at 478.  The Due Process Clause requires more, and Plaintiff has failed to allege any actual course of dealing on the part of Sega that would transform the Merchandising Agreement into a jurisdictional hook for Narrative Ark.

Furthermore, the exercise of personal jurisdiction over Sega would not be reasonable.

8

Contrary to Narrative Ark's assertions, Sega did not "knowingly inject[] infringing publications into interstate commerce." Opp. at 22-23. Plaintiff's own evidence shows that Archie, not Sega, published the works at issue. And, at root, this case arises from a dispute between Archie and its former employee, Mr. Fulop, and nothing prevents Narrative Ark from obtaining complete relief even without Sega's participation. Moreover, litigating in New York, where Sega has neither operations nor employees, constitutes a significant burden for Sega. The Merchandising Agreement expressly included forum selection clauses favoring California, reinforcing Sega's settled expectation of litigating all disputes that may arise in that jurisdiction.

### III. NARRATIVE ARK HAS NO ENTITLEMENT TO JURISDICTIONAL DISCOVERY, AND THIS COURT SHOULD DISMISS THIS ACTION WITH RESPECT TO SEGA IN ITS ENTIRETY.

"A plaintiff is not entitled to jurisdictional discovery where the allegations are insufficient to establish a prima facie case of personal jurisdiction." *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 198 (E.D.N.Y. 2012) (internal citations, quotations, and alterations omitted). "A party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013). Jurisdictional discovery is especially inappropriate where a plaintiff, like Narrative Ark here, makes "conclusory and implausible allegations." *Haber v. United States*, 823 F.3d 746, 754 (2d Cir. 2016).

In this case, the request for jurisdictional discovery is just another ploy to keep Sega in this lawsuit a little while longer so Narrative Ark can gain leverage against Archie. Narrative Ark has not made any efforts to obtain jurisdictional discovery.[5] Nor does Narrative Ark specify

---

[5] This failure, among other things, distinguishes *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982). In *Eaton*, discovery was already underway before the district court ruled on defendant's motion to dismiss. *Compare id.* at 729, *with Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing *Eaton*). Moreover, the jurisdictional analysis

what kind of discovery it seeks, much less how this discovery will impact the jurisdictional analysis. It will change nothing: jurisdictional discovery cannot cure the defects in Narrative Ark's claims against Sega any more than amendment would. In the final analysis, the only connection between Sega and New York in this case is a contract, and this Court should not allow Narrative Ark to embark on a fishing expedition. Accordingly, this Court should grant Sega's motion without leave to amend and dismiss the action with respect to Sega in its entirety. *See Schultz v. Safra Nat. Bank of N.Y.*, No. 08 Civ. 2371(RMB)(FM), 2009 WL 636317, at *7 (S.D.N.Y. Mar. 10, 2009), *aff'd*, 377 F. App'x 101 (2d Cir. 2010).

## IV.  NARRATIVE ARK FAILS TO RESPOND TO SEGA'S MOTION FOR A MORE DEFINITE STATEMENT.

While unable to articulate any affirmative conduct by Sega that gave rise to its claims, Narrative Ark also fails to offer any substantive response to Sega's motion for more definite statement. In closing, Narrative Ark merely maintains that, "notwithstanding Sega's claims to the contrary, Plaintiff has alleged numerous specific facts about Sega's infringing conduct. Accordingly, Sega's request for a more definite statement should also be dismissed." Opp. at 23. Because Narrative Ark has made only generalized allegations that do not specify what actions or conduct by Sega, as opposed to Archie, infringed its purported copyrights, its Amended Complaint is so vague that Sega is incapable of framing a responsive pleading.

## CONCLUSION

For the foregoing reasons, Sega respectfully asks this Court to grant its motion to dismiss Narrative Ark's claims against Sega for lack of personal jurisdiction without leave to amend.

---

concerned subject matter jurisdiction, not personal jurisdiction, and was "intimately related to the substantive merits of the plaintiffs' claim." *Eaton*, 692 F.2d at 734.

Dated: January 23, 2017

*Of counsel:*
Kathryn J. Fritz (NYBN #2078483)
kfritz@fenwick.com
FENWICK & WEST LLP
1211 Avenue of the Americas, 32nd Fl.
New York, NY  10036
Telephone:  212.921.2001
Facsimile:   650.938.5200

Jennifer L. Kelly *(admitted pro hac vice)*
jkelly@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:    415.281.1350

Respectfully submitted,

FENWICK & WEST LLP

By:  */s/ Armen Nercessian*
    Armen Nercessian (*admitted pro hac vice*)
    anercessian@fenwick.com
    Rodger R. Cole *(admitted pro hac vice)*
    rcole@fenwick.com
    FENWICK & WEST LLP
    801 California Street
    Mountain View, CA  94041
    Telephone:  650.988.8500
    Facsimile:   650.938.5200

Attorneys for Defendant SEGA OF AMERICA, INC.

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on January 23, 2017, the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT SEGA OF AMERICA, INC.'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                    */s/ Armen Nercessian*
                        Armen Nercessian