**Fenwick & West LLP**

SILICON VALLEY CENTER   801 CALIFORNIA STREET   MOUNTAIN VIEW, CA 94041

TEL 650.988.8500   FAX 650.938.5200   WWW.FENWICK.COM

June 26, 2017

ARMEN NERCESSIAN

EMAIL ANERCESSIAN@FENWICK.COM
Direct Dial (650) 335-7281

The Honorable Vincent L. Briccetti
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

      Re:  *Narrative Ark Entertainment LLC v. Archie Comic Publications, Inc., et al*.
             *Case No. 7:16-cv-06109-VB*

Dear Judge Briccetti:

      Pursuant to the Court's Individual Rules of Practice, Defendant Sega of America, Inc. ("Sega") hereby gives this Court and the parties notice of two recent decisions of United States Supreme Court that are relevant to this litigation, and specifically to the resolution of Sega's pending motion to dismiss for lack of personal jurisdiction.  *See* Dkt. No. 47.  The two cases are: *BNSF Railway Co. v. Tyrrell*, No. 16-405, decided May 30, 2017, which I attach as **Exhibit A** to this letter; and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, decided June 19, 2017, which I attach as **Exhibit B** to this letter.

      In *BNSF Railway Co. v. Tyrell*, the Supreme Court reaffirmed the due process holding of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), concerning general personal jurisdiction.  There, the Montana Supreme Court had found that the *Daimler* rule did not apply to claims brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, against railroad defendants.  The *BNSF Railway* Court reversed, holding that "[t]he Fourteenth Amendment due process constraint described in *Daimler*, however, applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued."  (Slip Op. at 11.)

      Similarly, in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, the Supreme Court reaffirmed the due process holding of *Walden v. Fiore*, 134 S. Ct. 1115 (2014), concerning specific personal jurisdiction.  There, a majority of the California Supreme Court had applied a "sliding scale approach to specific jurisdiction"; under this approach, the more connections a defendant had with a forum, the less direct the connections had to be with respect to plaintiffs' claims for purposes of specific jurisdiction.  (Slip Op. at 3.)  The *Bristol-Myers Squibb* Court rejected any "sliding scale approach" and noted that California's proposal was "difficult to square with our precedents."  (Slip. Op. at 7.)  The Court reiterated that "[t]he primary focus of our personal jurisdiction inquiry is the defendant's relationship to the

The Honorable Vincent L. Briccetti
June 26, 2017
Page 2

forum State." (Slip Op. at 5.)  And it held that "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough." (Slip Op. at 7.)

                          Sincerely,

                          FENWICK & WEST LLP

                          /s/ *Armen Nercessian*
                          Armen Nercessian

cc:    All counsel of record via ECF
Enclosures