UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NARRATIVE ARK ENTERTAINMENT LLC,   :
    Plaintiff,   :
v.   :
    :
ARCHIE COMIC PUBLICATIONS, INC.,   :
    Defendant.   :   **OPINION AND ORDER**
--------------------------------------------------------------x
ARCHIE COMIC PUBLICATIONS, INC.,   :   16 CV 6109 (VB)
    Third-Party Plaintiff,   :
v.   :
    :
SCOTT D. FULOP,   :
    Third-Party Defendant.   :
--------------------------------------------------------------x

Briccetti, J.:

  Plaintiff Narrative Ark Entertainment, LLC ("Narrative Ark"), brought this action under the Copyright Act against defendant Archie Comic Publications, Inc. ("Archie"). In response, Archie pleaded a counterclaim against Narrative Ark for declaratory relief under the Copyright Act, and brought a claim for slander of title against Narrative Ark's principal, third-party defendant Scott D. Fulop.

  By Opinion and Order dated August 29, 2019, the Court granted the parties' cross-motions for summary judgment and directed the Clerk to close the case. (Doc. #154).

  Now before the Court are Narrative Ark and Fulop's joint motion for attorney's fees and costs (Doc. #156), and Archie's cross-motion for attorney's fees and costs (Doc. #157). Both motions seek fees and costs pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505, and Fed. R. Civ. P. 54.

  For the reasons set forth below, both motions are DENIED.

1

**BACKGROUND**

The Court assumes the parties' familiarity with the case and summarizes the facts only to the extent necessary to resolve the pending motions.

Narrative Ark alleged Archie infringed Narrative Ark's copyrights in certain materials (the "registered works") appearing in a comic book series published by Archie. Fulop, working as a freelancer, created the registered works for Archie in the 1990s.

Archie paid Fulop for creating the registered works. Fulop alleged Archie did so only in exchange for first publication rights to the registered works in North America; however, Archie contended it owned the registered works upon their creation, as works-for-hire under the Copyright Act.

No later than 2012, Archie, purporting to own the registered works, transferred and assigned its interest in and rights to the registered works to nonparty Sega of America, Inc. ("Sega"). In 2015, Fulop, also purporting to own the copyrights to the registered works, transferred his interest in and rights to the registered works to Narrative Ark—an LLC Fulop created for that purpose and of which Fulop is the sole member.

From 2004 to the present, Archie published and reprinted materials including the registered works without paying Fulop compensation.

In its August 29 Opinion and Order, the Court held that the gravamen of Narrative Ark's claims was copyright ownership, not copyright infringement. Accordingly, the Court found Narrative Ark's claims against Archie time-barred under the applicable three-year statute of limitations.

The Court further held that Archie lacked statutory standing to countersue Narrative Ark under the Copyright Act, because "Archie (i) does not currently own the copyrights [to the

registered works]; (ii) did not own the copyrights at any time when Narrative Ark claims to have owned them; and (iii) [had] transferred to Sega [by contract] Archie's rights to sue Narrative Ark for infringing Archie's purported ownership of the registered works." (Doc. #154 ("Op. & Order) at 13). Lastly, the Court granted summary judgment in Fulop's favor on Archie's third-party claim for slander of title, finding that no reasonable juror could conclude Fulop acted with the requisite mental state.

## DISCUSSION

I. Legal Standards

Section 505 of the Copyright Act authorizes a court, "in its discretion," to order a copyright litigant to pay an adversary's court costs and "award a reasonable attorney's fee" to a "prevailing party." 17 U.S.C. § 505. Courts deciding whether to do so consider four non-exhaustive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116, 121 (2d Cir. 2001) (citation omitted). The objective reasonableness factor receives "substantial weight." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1989 (2016) (citations omitted). Courts must also assess each case individually, treat prevailing plaintiffs and prevailing defendants alike, and apply Section 505 in a manner that furthers the Copyright Act's goals. See id. at 1985–86.

Pursuant to Rule 54, "costs—other than attorney's fees—should be allowed to the prevailing party," "[u]nless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "Cost awards for prevailing parties are available to both plaintiffs and defendants. Thus, a dismissal of the action, whether on the merits

or not, generally means that defendant is the prevailing party." Wright & Miller, Federal Practice & Procedure § 2667 (footnotes omitted).

II.   Application

In an exercise of its discretion, the Court declines to award attorney's fees or costs to any party.

Narrative Ark brought this case. None of its claims survived summary judgment. Accordingly, and considering the parties' arguments and the totality of the circumstances, the Court views Archie as the prevailing party, rendering it potentially eligible for an award of attorney's fees and costs.

However, Narrative Ark's claims were neither frivolous nor objectively unreasonable. The Court's disposition of Narrative Ark's claims rested upon the determination of whether the "gravamen" of Narrative Ark's case was copyright ownership or copyright infringement. That complex determination was based on a multi-factor inquiry. As the Court noted in its Opinion and Order, one relevant factor militated in Narrative Ark's favor, undercutting Archie's assertion that Narrative Ark's claims were frivolous. Further, had the Court reached the opposite conclusion—that the case boiled down to an infringement dispute rather than an ownership dispute—Narrative Ark may well have prevailed, in light of the Court's "serious doubt [as to] Archie's argument that Fulop created the registered works as works for hire." (Op. & Order at 9 n.7).

The Court also does not discern any improper motivation behind Narrative Ark's prosecution of this case, nor does the Court find an award of fees or costs justified by any of the purported "vexatious litigation conduct" Archie attributes to Narrative Ark. (See Doc. #158 at 3–6).

The Court views Archie's claims against Narrative Ark and Fulop less favorably. As recounted in the Court's Opinion and Order, Archie transferred to Sega by contract, long before the present action began, Archie's rights, if any, to sue Narrative Ark for infringement of the registered works. Moreover, Archie did not own the copyrights at any time when Narrative Ark claimed to control them. Thus, Archie plainly lacked statutory standing to countersue Narrative Ark. To the extent Archie believed to the contrary, that belief was objectively unreasonable for the reasons stated in the Court's Opinion and Order. See, e.g., Sid Bernstein Presents, LLC v. Apple Corps Ltd., 2018 WL 3300688, at *6 (S.D.N.Y. Jan. 25, 2018) ("[T]he Court finds that the plaintiff's litigation position was objectively unreasonable in the circumstances, especially in light of the clear and unambiguous terms of the contracts at issue in this action."), report and recommendation adopted, 2018 WL 1587125 (S.D.N.Y. Mar. 29, 2018). And Archie's third-party claim against Fulop fared no better: it rested on Archie's "obvious distortion" of remarks by Fulop, made at his deposition, that no reasonable litigant would view as an adequate basis on which to sue Fulop for slander of title. (Op. & Order at 15).

For all these reasons, although Archie may, broadly speaking, be the prevailing party, it was Archie, not Narrative Ark or Fulop, that elected to pursue claims the Court considers objectively unreasonable. Insofar as Archie genuinely viewed Narrative Ark's claims as lacking arguable merit, Archie could have chosen to contest those claims without countersuing or engaging in third-party practice. Instead, Archie chose to complicate this litigation by prosecuting claims on which a reasonable litigant would not expect to prevail. That choice generated cross-motions for summary judgment and caused Archie's own costs and fees markedly to increase. In that regard, the Court is unsympathetic to Archie's hyperbolized

invitation to view it as a victim of Narrative Ark's "bad-faith, extortionary abuse of the courts." (Doc. #164 at 8).

In sum, Archie may have "won" on Narrative Ark's claims, but those claims were not objectively unreasonable; yet, Archie also "lost" on its own claims, which <u>were</u> objectively unreasonable. At the same time, although Narrative Ark and Fulop "won" in the sense that they defeated Archie's claims, they can hardly be viewed as the prevailing parties overall, since they "lost" on the main part of their case, namely, the claims against Archie under the Copyright Act. In other words, neither side was a prevailing party in this case sufficient to warrant an award of attorney's fees or costs.

The Court has also considered the Copyright Act's purposes and goals and finds them furthered by the decision not to award attorney's fees or costs to any party under the unusual circumstances of this case.

## CONCLUSION

The parties' cross-motions for attorney's fees and costs are DENIED.

The Clerk is directed to terminate the motions. (Docs. ##156, 157).

Dated: October 15, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge